UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:18-cv-00175-MOC-WCM

| | | |
|---|---|---|
| **RONALD WAYNE SPANN,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| **FRANK PERRY, et al.,** | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff Ronald Spann's Motion to Reconsider Appointing Counsel (Doc. No. 35), and on review of a Memorandum and Recommendation (Doc. No. 34), which addressed Defendant Robert Uhren, Jr.'s Motion to Dismiss (Doc. No. 24). In the Memorandum and Recommendation, Magistrate Judge Metcalf advised the parties of the right to file objections within 14 days, in accordance with 28 U.S.C. § 636(b)(1)(c). An objection was filed within the time allowed. Having reviewed the motions and objection, the Court enters the following Order.

Plaintiff is incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. In April 2017, Plaintiff commenced a prior action by filing a complaint against various defendants, including Defendant Uhren. During that action, Plaintiff was represented by counsel. In March 2018, this Court dismissed that action without prejudice, permitting Plaintiff to refile his action within one year.

In June 2018, Plaintiff commenced this action by filing a pro se complaint, again asserting claims against various defendants, including Defendant Uhren. (Doc. No. 1).

1

Plaintiff filed a Motion to Appoint Counsel at that time, and he has since filed three additional motions requesting appointment of counsel. (Doc. Nos. 2, 7, 12, 28). All four motions were denied, the most recent of which this Court denied in October 2018. (Doc. No. 29). Plaintiff now asks the Court to reconsider "due to [his] Organic Mental Disorder . . . described by the medical record." (Doc. No. 35).

The Court has reconsidered the motions but again finds that Plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel. Despite Plaintiff's protestations of mental disability, the undersigned observed him in prior proceedings and was "impressed with [his] intelligence, his high degree of engagement in the in-court proceedings, and his ability to communicate his position to the Court." (Doc. No. 29 at 3). Again, Plaintiff's claims are "not overly complex," so the Court is convinced he will be able to adequately represent himself in these proceedings. (Id. at 2).

As to Defendant's Motion to Dismiss, the magistrate judge issued a Memorandum and Recommendation advising the Court to dismiss Plaintiff's official capacity claims against Defendant and Plaintiff's individual capacity claim against Defendant for medical malpractice, but to otherwise deny dismissal. (Doc. No. 34). The magistrate judge recommended dismissing the malpractice claim because Plaintiff failed "to submit an expert certification as required under Rule 9(j) of the North Carolina Rules of Civil Procedure." (Id. at 15). Plaintiff objected, summarily contending the "malpractice claim does directly assert a claim of negligence against the Defendant." (Doc. No. 35).

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>United States v. De Leon-Ramirez</u>, 925 F.3d 177, 181 (4th Cir. 2019); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required "when a party makes general or conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations." <u>Id.</u> Moreover, "the statute does not on its face require any review at all . . . of any issue that is not the subject of an objection." <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

Because Plaintiff's sole objection is strictly legal and conclusory, the Magistrate's Act does not require the Court to conduct de novo review. Still, the undersigned as district judge is ultimately responsible for the final decision in this case. As such, the Court has reviewed the magistrate judge's decision and has determined that it is consistent with current law. As such, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider Appointing Counsel (Doc. No. 35) is **DENIED**, Plaintiff's Objection (Id.) is **OVERRULED**, the Memorandum and Recommendation (Doc. No. 34) is **AFFIRMED**, and Defendant's Motion to Dismiss (Doc. No. 24) is **GRANTED IN PART** and **DENIED IN PART**.

Signed: October 18, 2019

Max O. Cogburn Jr
United States District Judge